**Navajo Engineering and Construction Authority,** *Appellant,*

*vs.*

**Harold Noble,** *et. al.,* **Appellee.**

Decided May 8, 1984

---

## OPINION

*Review of appeal by Nelson J. McCabe, Chief Justice.*

*Richard George, Esq., Tuba City, Navajo Nation (AZ), for the Appellant and Albert Hale, Esq., Window Rock, Navajo Nation (AZ), for the Appellee.*

## AFFIRMED WITH INSTRUCTIONS

The issue presented to the Court is an appeal from the Window Rock District Court, the Honorable Tom Tso, over a contract action between the Navajo Engineering and Construction Authority and the Steamboat Chapter and whether the individuals and officials of the Steamboat Chapter enjoy the protections of the Navajo Nation Sovereign Immunity Act. The matter was set for argument on November 4, 1983 with counsel presenting their points and authorities. For the reasons cited below, the Court herein affirms the order of the Window Rock District Court of June 15, 1981 with the only limitation being the modification of such district court order that had dismissed the action with prejudice to read dismissal without prejudice.

## I.

Because this matter represents a contract dispute between the above captioned parties and additionally due to the Steamboat Chapter being a

<u>1</u>

"tribal entity" pursuant to Resolution CMY-42-80 of the Navajo Tribal Council, the Court would like to take this opportunity to specify the relevant facts in the instant case.

It appears from reviewing the record below that plaintiffs alleged to have entered into a contract for the improvement in and around the location of the Steamboat Springs Chapter House. While there appears no memorialized contract as to the exact terms and conditions of such performance of labor, petitioner claims as a matter of law that there was substantial performance as to the work conducted. The matter was heard on a Motion to Dismiss on January 21, 1981 in the Window Rock District Court with the Honorable Harry Brown denying the Motion to Dismiss.

On May 20, 1981 respondents renewed their Motion to Dismiss before the Honorable Tom Tso setting forth legal arguments as to why such a renewed motion should be heard. Counsel for appellant objected to the renewal of such motion but the record appears to be absent of sufficient reasons upon which such objection could have been sustained. Thus, on June 21, 1981, the Window Rock District Court entered a written Judgment and Order granting such Motion to Dismiss and appellant appeals from such order.

## II.

In reviewing the record below and the pertinent orders entered therein, the Court wishes to examine the procedural elements that appellant raises as to the ability of one district court judge issuing a contrary decision to a prior order entered by another district court judge. Before the Court ventures too far astray from the controllable Rules of Court, Rule 23 of the Navajo Court Rules states as follows:

"The Court shall have the power to order any relief required after the determination of the facts, and law, whether such relief be equitable or legal in nature. At anytime after the final order or judgment, the Court may in the interest of justice reopen a case in order to correct errors or to consider newly discovered evidence, or for any other reason consistent with justice."

Our law contains a common rule based upon the principle that courts are to be just and do justice. Because of this principle courts are empowered to correct judgments, reopen cases where new evidence required a new hearing or otherwise take another look at a judgment where justice and equity clearly requires it to do so. *Zion's First National Bank v. Joe,* 4 Nav. R. 92 (1983).

Normally, a judge should not consider modifying or vacating a judgment without very serious reasons for doing so and without a specific writ-

ten motion asking him or her to do so. Of course, there may be times when the Court discovers a lack of jurisdiction, gross fraud or need to clarify a judgment without an adverse hearing. But those times are rare, and the right of the parties to an action to have notice of the court's action and an opportunity to be heard on it always exists. The due process clause of the Navajo Bill of Rights always requires notice and an opportunity to be heard before any right created by a judgment is taken away or modified. *Id.*

In the instant case, appellee's Motion to Dismiss was originally denied and such action was entered in as an Order on January 21, 1981. The matter at hand, therefore, is whether in the subsequent argument made on renewing the same allegations in the Motion to Dismiss, Judge Tso had sufficient grounds which warranted the re-examination of the substantive and procedural grounds in which to rehear the sufficiency of the cause of action. Appellant points the Court to the language of Rule 63, Arizona Rules and Federal Rules of Civil Procedure. In examining such rule of procedure, the language is at best informative but not conclusive. The reality of the Courts of the Navajo Nation and the fluctuation of our sitting as circuit riding judges reveals that such procedural events may occur, where a subsequent judge may rehear a matter only if such re-hearing is warranted and the subsequent judge is not abusing a discretionary privilege. Such re-examination and subsequent motion re-hearings must be based on sufficient matters of law and facts as to warrant the parties and their counsel to reargue points and authorities before the Court. *Id.*

In examining the record below, Judge Tso's subsequent ruling does not indicate any abuse of discretion or action which would indicate an arbitrary and or capricious manner in the handling of the re-hearing issues. In examining the Order entered by the Window Rock District Court on June 15, 1981, this Court finds that Judge Tso entered findings pursuant to a district court judge demonstrating fairness and discretion in re-hearing the matter:

"Two grounds for dismissal based on failure to state a claim and sovereign immunity were argued previously and the Honorable Harry D. Brown denied the motion based on an alleged insufficiency of evidence. The motions raised only legal points which did not require presentation of evidence and a denial of defendant's motion on this ground is clearly erroneous and in the interest of justice and fairness, the Court will uses its discretion to allow a rehearing of the motion."
(Judgment and Order, Window Rock District Court, Paragraph 2, June 21, 1981)

Such finding as recited above indicates that there existed legal arguments that were to be made before the District Court in essentially a reconsideration of a prior motion that had been argued and denied. This procedure does not appear to be abuse of discretion by the trial judge and this Court will not disturb such ruling. Moreover, it was from such granting of the lat-

ter Motion to Dismiss that appellee filed this appeal. Judge Brown's denial of appellee's Motion to Dismiss was not discretionary but required a decision based on applicable laws. Judge Tso's findings indicate that the prior motion was not in fact based on applicable laws and properly had the motion reargued. Rule 23 of the Navajo Court Rules authorizes such judicial practice and Judge Tso was within the proper use of discretionary review in allowing such subsequent argument to be made on the Motion to Dismiss.

## III.

Because the Court finds that the Order entered by the Window Rock District Court on June 21, 1981 is valid and shows no abuse of discretion in law or in fact, the Court will not set aside such order nor find that such order is void for want of jurisdiction. The additional point raised in this appeal is the matter of sovereign immunity as such action relates to the defendant's status as Steamboat Chapter officials. The District Court as a matter of law found that the Steamboat Chapter is a governmental unit of the Navajo Nation and as such entity enjoys the protection of CMY-42-80 Sovereign Immunity. In such dismissal, the district court entered its findings based on the immunity granted to Navajo government functions and found that there existed no cause of action or a claim upon which relief could be granted. In light of such finding and further due to the matters of pleading with sufficiency to establish a successful cause of action, the Court herein finds that the Order issued on June 21, 1981 is valid and affirms such order with the only modification striking the "dismissal with prejudice" to read "Dismissal without Prejudice." Such modification allows the appellant to review the facts and law in the instant case and prepare accordingly.